IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOE SALINAS ESTRADA, JR., #835624 | § | |
| VS. | § | CIVIL ACTION NO. 6:20-cv-168 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Petitioner Joe Salinas Estrada,[1] an inmate of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this habeas action complaining that he has been denied release on mandatory supervision and that his parole date of 2026 is fraudulent. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

For reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I.  Procedural History**

In 1997, a jury found Estrada guilty of the felony offense of aggravated sexual assault of a child and guilty on six counts of indecency with a child. On July 11, 1997, he was sentenced to sixty years for the aggravated sexual assault, and to twenty years on each indecency count, sentences to run concurrently. The First Court of Appeals affirmed his convictions on September 2, 1999. *See Estrada v. State,* No. 697896, 1999 WL 682620 (Tex. App.—Houston [1st Dist.],

---

[1] Estrada also uses the name "Joe Garcia Estrada," which is the name under which he was convicted, and which appears on his TDCJ records.

Sept. 2, 1999, *pet. ref'd*) (not designated for publication), *cert. denied*, 531 U.S. 842 (2000). Because Estrada is not challenging his underlying convictions, a further detailed procedural history is not necessary.

However, Petitioner has since filed several federal habeas corpus petitions in this Court and others. Critically, Estrada filed a federal habeas petition in this Court, case number 6:10-cv-412, complaining of disciplinary actions taken against him during his confinement which resulted in the loss of his good time and work time. *Estrada v. Thaler, Director TDCJ-CID*, 6:10-cv-412 (E.D. Tex. 2010). The Court determined that Estrada's habeas claim was without merit because Estrada failed to show the deprivation of a constitutionally protected liberty interest, dismissed Estrada's petition, with prejudice, and denied him a certificate of appealability, *sua sponte*. *Id.* In its Report and Recommendation, the Court also noted that Estrada's petition was fundamentally flawed because Estrada is not eligible for release on mandatory supervision. *Id.* at Doc. No. 16. As such, Estrada's operative habeas petition is arguably successive.[2] However, because Estrada's petition does not specifically challenge the loss of time due to a disciplinary proceeding, the Court will address it on the merits.

## II.    Estrada's Habeas Petition

In his petition, Estrada maintains that his due process rights under the Fourteenth Amendment have been violated. Estrada asserts that he is entitled to be released under mandatory supervision due to the law in effect at the time of his offense. He further asserts that his 2026 parole eligibility date is incorrect.

---

[2] The record does not reflect that Petitioner has received permission from the Fifth Circuit Court of Appeals to file a successive federal habeas petition.

2

### III. Standard of Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's

judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

## IV. Discussion and Analysis

Estrada's petition should be denied. The primary issue in this case concerns whether Estrada has stated the denial of a constitutionally protected liberty interest. The Supreme Court has held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995). The release on mandatory supervision is arguably a liberty interest in the State of Texas. *See Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997).

However, in this case, Estrada is serving a 60-year sentence for the January 1, 1995 aggravated sexual assault of a child.[3] At the time of the offense, the aggravated sexual assault of a child was a first-degree felony offense.[4] As such, he is not eligible for release on mandatory supervision.[5] Further, Estrada is not eligible for parole until his calendar time served, without consideration of good time, equals one-half of the maximum sentence—or 30 calendar years—

---

[3] *See* TEX. DEPT. CRIM. JUST., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=02814639 (last visited Mar. 25, 2022).
[4] Aggravated Sexual Assault, V.T.C.A., Penal Code § 22.021, Added by Acts 1983, 68th Leg., p. 5312, ch. 977, § 3, eff. Sept. 1, 1983; Amended by Acts 1987, 70th Leg., ch. 573, § 1, eff. Sept. 1, 1987; Acts 1987, 70th Leg., 2nd C.S., ch. 16, § 1, eff. Sept. 1, 1987.
[5] "A prisoner may not be released to mandatory supervision if the prisoner . . . is serving a sentence for . . . (5) a second degree or first-degree felony under Section 22.02, Penal Code (Aggravated Assault)." Art. 42.18. Adult Parole and Mandatory Supervision Law, Tex. Gov. Code. Art. 42.18, Sec. 8(c), amended by Acts 1993, 73rd Leg., ch. 900, § 6.02, eff. Sept. 1, 1993.

whichever is less.[6] According to TDCJ and court records, Estrada committed the underlying offense in 1995. Therefore, Estrada is eligible for release on parole no earlier than January 1, 2025. However, the timing of Estrada's release is too speculative to give rise to a constitutionally protected liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). For those reasons, Estrada has not identified a constitutional violation, which is fatal to his habeas petition. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Accordingly, Estrada's petition should be denied.

## VI. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the

---

[6] *Id.* Eligibility for Release; Conditions on Release, Sec. 8(b)(3).

petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Estrada failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice. It is further recommended that Petitioner Estrada be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 13th day of April, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE